UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL LEE HUNT, | ) | 1:07-cv-01281-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS |
| | ) | |
| T. FELKER, | ) | ORDER TO FILE RESPONSE WITHIN |
| | ) | THIRTY DAYS |
| Respondent. | ) | |
| | ) | (Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

1  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th
2  Cir.2001).
3      The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a
4  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate
5  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.
6      B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus
7      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
8  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
9  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063
10 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on
11 September 5, 2007, and thus, it is subject to the provisions of the AEDPA.
12     The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
13 petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
14 reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on January 18, 2002.  (Doc. 1, p. 1).   In this

2

case, the petition for review was denied by the California Supreme Court on February 24, 2004. Thus, direct review would conclude on May 24, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from May 24, 2004, or until May 24, 2005, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned the instant petition was filed on September 5, 2007, over two years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

3

1  instant petition, beginning with a petition in the Kern County Superior Court.  (Doc. 1, pp. 149-154).
2  That petition was filed on January 27, 2004 and denied on March 26, 2004, both dates occurring
3  *before* the one-year limitations period had even begun to run in Petitioner's case.  (Id.).  Thus, they
4  are irrelevant to the Court's calculation of tolling.

5  Then, on August 3, 2005, again before the one-year statute had commenced, Petitioner filed a
6  habeas petition in the California Court of Appeal, Fifth Appellate District ("5th DCA") that was
7  denied on July 22, 2005, after the one-year period had commenced.  (Doc. 1, Exh. O).  Petitioner
8  thereafter waited seventy days, until September 30, 2005 to file another petition in the California
9  Supreme Court that was denied on  September 13, 2006.  (Doc. 1, Exh. P).[1]

10  Thereafter, Petitioner filed the instant petition on September 5, 2007.  However, the Court
11  will use August 30, 2007, the date Petitioner signed the petition and, presumably, delivered it to
12  prison officials for mailing to this Court under the "mailbox" rule.  The time elapsed between the
13  California Supreme Court's denial of Petitioner's last state petition on September 13, 2006, and the
14  filing of the instant petition is thus 351 days.  However, in addition, Petitioner waited for seventy
15  days between the 5th DCA's denial of his petition on July 22, 2005, and the date he filed his petition
16  in the California Supreme Court on September 30, 2005.  The total un-tolled time, therefore, is 421
17  days, which makes the instant petition 56 days late.

18  The Court cannot conclude otherwise than that the petition is untimely and must be
19  dismissed.  However, in an excess of caution, the Court will permit Petitioner to file any further
20  evidence he has that would entitle him to AEDPA tolling such that the petition would be timely.
21  Petitioner will be afforded the opportunity, in his response to this Order to Show Cause, to provide
22  additional information regarding when and where he filed his state habeas petitions if he believes
23  that the instant petition is timely and that he is entitled to statutory tolling under the AEDPA.

### **ORDER**

25  Accordingly, the Court HEREBY ORDERS:

26  1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

---

[1] Petitioner provided no filing date for his petition in the California Supreme Court and the high court's order does not indicate the filing date.  Therefore, the Court accessed the California courts' electronic database for the California Supreme Court and determined that Petitioner filed his petition on September 30, 2005.

1  of this Order why the Petition should not be dismissed for violation of the one-year
2  statute of limitations in 28 U.S.C. § 2244(d). In his response, Petitioner should provide
3  the dates on which he filed any state habeas petitions, the names of the courts in which he
4  filed those petitions, the results, if any, of those petitions, and the dates the results were
5  issued. Petitioner should provide, where possible, copies of all petitions filed as well as
6  copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 14, 2008**                             /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE