# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LEE HUNT,<br><br>        Petitioner,<br><br>  v.<br><br>T. FELKER,<br><br>        Respondent. | 1:07-cv-01281-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1)<br><br>ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on September 5, 2007.  (Doc. 1).  On January 14, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 3).  On February 1, 2008, Petitioner filed his response.  (Doc. 4).  A further review of the evidence now before the Court confirms the Court's preliminary finding that the petition is untimely and should be dismissed..

**DISCUSSION**

A.  <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. The Court has afforded Petitioner such an opportunity by permitting him to respond to the Order to Show Cause with information that would rebut the Court's preliminary conclusion that the petition was untimely.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on September 5, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  28 U.S.C. § 2244(d).

2  In most cases, the limitation period begins running on the date that the petitioner's direct
3  review became final. Here, Petitioner was convicted on January 18, 2002. (Doc. 1, p. 1). In this
4  case, the petition for review was denied by the California Supreme Court on February 24, 2004.
5  Thus, direct review would conclude on May 24, 2004, when the ninety-day period for seeking review
6  in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887. 103 S.Ct. 3383
7  (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347
8  (8th Cir.1998). Petitioner would have one year from May 24, 2004, or until May 24, 2005, absent
9  applicable tolling, in which to file his federal petition for writ of habeas corpus.

10  As mentioned the instant petition was filed on September 5, 2007, over two years *after* the
11  limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the
12  petition is untimely and must be dismissed.

13  C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
15  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
16  pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In
17  Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first
18  state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral
19  challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d
20  557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned
21  that tolling the limitations period during the time a petitioner is preparing his petition to file at the
22  next appellate level reinforces the need to present all claims to the state courts first and will prevent
23  the premature filing of federal petitions out of concern that the limitation period will end before all
24  claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

3

not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the instant petition, beginning with a petition in the Kern County Superior Court.  (Doc. 1, pp. 149-154).  That petition was filed on January 27, 2004 and denied on March 26, 2004, both dates occurring *before* the one-year limitations period had even begun to run in Petitioner's case.  (Id.).  Thus, they are irrelevant to the Court's calculation of tolling.

Then, on August 3, 2005, again before the one-year statute had commenced, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District ("5th DCA") that was denied on July 22, 2005, after the one-year period had commenced.  (Doc. 1, Exh. O).  Petitioner thereafter waited seventy days, until September 30, 2005 to file another petition in the California Supreme Court that was denied on  September 13, 2006.  (Doc. 1, Exh. P).[1]

Thereafter, Petitioner filed the instant petition on September 5, 2007.  However, the Court will use August 30, 2007, the date Petitioner signed the petition and, presumably, delivered it to prison officials for mailing to this Court under the "mailbox" rule.  The time elapsed between the California Supreme Court's denial of Petitioner's last state petition on September 13, 2006, and the filing of the instant petition is thus 351 days.  However, in addition, Petitioner waited for seventy days between the 5th DCA's denial of his petition on July 22, 2005, and the date he filed his petition in the California Supreme Court on September 30, 2005.  The total un-tolled time, therefore, is 421 days, which makes the instant petition 56 days late.

Petitioner's response to the Order to Show Cause contends that the Court should toll the period between July 22, 2005 and September 30, 2005, since, normally, the AEDPA provides that

---

[1] Petitioner provided no filing date for his petition in the California Supreme Court and the Supreme Court's order does not indicate the filing date.  The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, are subject to judicial notice.  The Court accessed the California courts' electronic database for the California Supreme Court and determined that Petitioner filed his petition on September 30, 2005, and takes judicial notice of such filing.

the intervals between successive petitions in a state "round" of petitions is tolled along with the time the petitions are actually pending. (Doc. 4, pp. 3-4). Petitioner cites Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), in support of this proposition.

While the general rule is certainly that the interval between state petitions is tolled, case law subsequent to Nino has further limited a petitioner's right to interval tolling. In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006), the United States Supreme Court held that a California state prisoner was not entitled to statutory tolling under the AEDPA where there was an unjustifiable six month delay between petitions in the California Supreme Court. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. Following the Supreme Court's suggestion, this Court assumes, arguendo, that a 60 day delay would be at the outer limits of what the High Court would consider reasonable.

Here, the delay between the 5th DCA's denial of Petitioner's petition on July 22, 2005, and the date he filed his petition in the California Supreme Court on September 30, 2005, was seventy days. Under the implicit guidelines in Evans, which also requires the district court to conduct its own independent inquiry into the timeliness of state petitions, 546 U.S. at 198,[2] this seventy day interval was unreasonable and therefore are not entitled to tolling. Id. at 201; Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007)(88 day delay unreasonable).  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107

---

[2] In Evans, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within "a reasonable time." 546 U.S. at 189.

5

F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner makes no claim of entitlement to equitable tolling, and, based on the record now before the Court, the Court is aware of none. Accordingly, the period is not equitably tolled.

### RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 8, 2008**                                          /s/ Theresa A. Goldner
                                                                   UNITED STATES MAGISTRATE JUDGE