**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL LEE HUNT, ) | 1:07-cv-1281 OWW TAG HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATIONS (DOC. 5) |
| v. ) | |
| ) | ORDER DISMISSING PETITION |
| T. FELKER, ) | FOR WRIT OF HABEAS CORPUS |
| ) | (DOC. 1) |
| Respondent. ) | |
| ) | ORDER DIRECTING CLERK OF |
| ) | COURT TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

On February 11, 2008, the assigned Magistrate Judge filed Findings and Recommendations recommending that the petition for writ of habeas corpus be DISMISSED because the petition was not filed within the one year time period provided for in 28 U.S.C. § 2244(d).  (Doc. 5)  The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within 20 days from the date of service of that order.  On March 3, 2008, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations.  (Doc. 6)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the District Court has conducted a *de novo* review

1  of the case.  After careful review of the entire file, including
2  Petitioner's objections, the Court concludes that the Magistrate
3  Judge's Findings and Recommendations are supported by the record
4  and proper analysis.  Petitioner's objections do not present
5  grounds to overturn the Findings and Recommendations.
6      Petitioner offers two reasons why equitable tolling should
7  be applied to extend the statute of limitations.  Petitioner
8  acknowledges that his petition was filed after expiration of the
9  one year period authorized by 28 U.S.C. § 2244(d)(2).  The
10 Magistrate Judge has correctly calculated the statute of
11 limitations.
12     Equitable tolling occurs if "extraordinary circumstances
13 beyond a prisoner's control" have made it impossible for the
14 petition to be filed on time.  *Calderon v. U.S. Dist. Ct.*
15 *(Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998); *Miles v. Prunty*, 187
16 F.3d 1104, 1107 (9th Cir. 1999) (when external forces, not a
17 petitioner's lack of diligence, account for failure to file a
18 timely claim, equitable tolling of the statute of limitations may
19 be appropriate).
20     Petitioner argues that on July 25, 2005, three days after
21 the denial of his habeas petition by the Court of Appeal of the
22 State of California, that he was placed in administrative
23 segregation for delaying a peace officer and necessitating the
24 use of force.  Petitioner claims he remained in administrative
25 segregation until he was transferred to his current location at
26 California State Prison High Desert on January 26, 2006.
27 Petitioner claims he did not receive his legal material until
28 around the second week of September of 2005, or access to case

law on September 20, 2005.  Voluntary conduct on the part of Petitioner which caused him to be placed in administrative segregation is not an equitable circumstance.  Petitioner makes no showing that he was denied mail privileges or the ability to transmit documents for court filing to or from administrative segregation.

Defendant further asserts that equitable tolling is justified because he placed an order for a typewriter on March 5, 2007, to permit filing of a legible habeas corpus petition, but that he did not receive the typewriter until July 31, 2007, 145 days after he ordered it.  Petitioner states that "gave Petitioner exactly 50 days to file his petition with the Eastern District Court."

Neither circumstance justifies Petitioner's failure to timely file his Federal habeas corpus petition.  Petitioner has shown the ability to file legible handwritten documents and the delay in receiving a typewriter does not present equitable circumstances for relief.

Petitioner's objections do not present grounds for altering the Magistrate Judge's analysis.  For the reasons stated above, IT IS ORDERED:

1.   The Findings and Recommendations filed February 2008, Doc. 5, as supplemented by this Decision, are ADOPTED IN FULL;

2.   The petition for writ of habeas corpus (Doc. 1) is DISMISSED as barred by the statute of limitations; and

3.   The Clerk of Court is directed to ENTER JUDGMENT for

///
///

3

Respondent and against Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **March 18, 2008**                              **/s/ Oliver W. Wanger**
                                                       UNITED STATES DISTRICT JUDGE