UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LEE HUNT,<br><br>    Petitioner,<br><br>  v.<br><br>T. FELKER,<br><br>    Respondent. | No. 1:07-cv-1281-DAD-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 18) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2008, the court dismissed the petition as barred by the applicable statute of limitations. (Doc. No. 7.) Petitioner appealed to the Ninth Circuit Court of Appeals. On February 2, 2009, the Ninth Circuit denied petitioner a certificate of appealability. (Doc. No. 16.) Nearly nine years later, on November 14, 2017, petitioner filed the instant motion seeking reconsideration of the court's March 19, 2008 decision. (Doc. No. 18.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion

1

under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, petitioner fails to meet the requirements for granting a motion for reconsideration. Petitioner has not shown mistake, inadvertence, surprise, or excusable neglect; he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and he has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Local Rules of this court, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). The arguments he presents in his motion for reconsideration are not new, novel, or based on new developments; to the contrary, his arguments are the same as those already presented by him which were previously considered and rejected by the court.

As noted, petitioner brings this motion for reconsideration nine years after entry of final judgment. His only excuse for his delay in doing so is that he was unaware he could file a motion

/////

/////

/////

2

for reconsideration under Rule 60(b).  (Doc. No. 18 at 26.)  Petitioner's explanation is inadequate to justify a delay of nearly a decade.

Accordingly, petitioner's motion for reconsideration (Doc. 18) is denied.

IT IS SO ORDERED.

Dated: **January 10, 2018**

UNITED STATES DISTRICT JUDGE