UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LEE HUNT,<br><br>   Petitioner,<br><br>   v.<br><br>T. FELKER,<br><br>   Respondent. | No. 1:07-cv-01281-DAD-JLT (HC)<br><br>ORDER DENYING MOTION FOR <u>CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 23) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 19, 2008, the court dismissed the petition as barred by the applicable statute of limitations. (Doc. No. 7.) On February 2, 2009, the Ninth Circuit Court of Appeals denied petitioner a certificate of appealability. (Doc. No. 16.) Nearly nine years later, on November 14, 2017, petitioner filed a motion seeking reconsideration of the court's March 19, 2008 decision. (Doc. No. 18.) On January 11, 2018, the court denied that motion for reconsideration. (Doc. No. 19.)

On February 12, 2018, petitioner filed a notice of appeal to the Ninth Circuit as to the denial of his motion for reconsideration. (Doc. No. 22.) Concurrently, petitioner filed a motion for a certificate of appealability. (Doc. No. 23.) On March 6, 2018, the Ninth Circuit remanded the case to the district court for the limited purpose of granting or denying a certificate of

1

appealability. (Doc. No. 26.)

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion for certificate of appealability argues, for the first time, that documents included with his motion for reconsideration were previously unavailable because "the California Department of Correction and Rehabilitation would/could not produce the documents requested" or the documents "[were] not requested by either party." (Doc. No. 23 at 4.) According to petitioner, these documents support his argument that he is entitled to gap tolling of the applicable statute of limitations for the period of time between the California Court of Appeal's denial of habeas relief and his filing of a new habeas petition in the California Supreme Court. However, petitioner does not allege, much less offer evidence in support of any claim, that prior to 2017 he attempted to obtain the documents that purportedly demonstrate his entitlement to gap tolling. A conclusory statement that the aforementioned documents were previously unavailable is insufficient to justify petitioner's nine-year delay in seeking reconsideration.

The court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find this court's resolution of petitioner's claim to be debatable. Therefore, the court declines to issue a certificate of appealability.

/////

/////

Accordingly, the court hereby orders that:

1. Petitioner's motion for certificate of appealability (Doc. No. 23) is denied; and
2. The Clerk of the Court is directed to serve a copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated: **March 24, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE